IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01368-BNB

CYCLE LEE TYLER,
Applicant,

v.

WARDEN MICHAEL ARELLANO, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2008

GREGORY C. LANGHAM
                    CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant Cycle Lee Tyler is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Tyler initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 21, 2008, he filed an amended habeas corpus application. On August 18, 2008, Mr. Tyler filed a second amended habeas corpus application. Mr. Tyler is challenging the validity of his conviction and sentence in case number 96CR3030 in the El Paso County District Court.

In an order filed on August 26, 2008, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On September 29, 2008, Respondents filed their Pre-Answer Response. On October 29, 2008, Mr. Tyler filed "Applicant's Reply to Pre-Answer Response."

The Court must construe the second amended application and other papers filed by Mr. Tyler liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the second amended application in part.

Mr. Tyler was convicted by a jury of one count of attempted second degree murder and second degree assault with a deadly weapon and he was sentenced to twenty-three years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Tyler*, No. 99CA0849 (Colo. Ct. App. Aug. 9, 2001) (unpublished) ("*Tyler I*"). On January 14, 2002, the Colorado Supreme Court denied Mr. Tyler's petition for writ of certiorari on direct appeal.

Mr. Tyler also filed a series of postconviction motions in the trial court. On May 1, 2002, Mr. Tyler filed a postconviction motion to correct his sentence that was denied on May 2, 2002. On May 13, 2002, Mr. Tyler filed a motion to reconsider his sentence that was denied on May 15, 2002.

On June 5, 2003, Mr. Tyler filed a motion to supplement his postconviction Rule 35(c) motion and a motion for an evidentiary hearing on the Rule 35(c) motion. Attached to the motion to supplement filed on June 5 was a document labeled "Exhibit A" that purported to be an original Rule 35(c) motion. The trial court denied the motions to supplement and for an evidentiary hearing on July 2, 2003, finding that the claims Mr. Tyler sought to raise in the motion to supplement should have been raised on direct

appeal. On appeal, the Colorado Court of Appeals affirmed the trial court's ruling with respect to the claims raised in the motion to supplement and remanded the case to the trial court to determine whether "Exhibit A" was before the trial court when it ruled on the motion to supplement and, if so, to address the issues raised in "Exhibit A." **See People v. Tyler**, No. 03CA1516 (Colo. Ct. App. Feb. 3, 2005) (unpublished) ("*Tyler II*"). On May 16, 2005, the Colorado Supreme Court denied Mr. Tyler's petition for writ of certiorari from the order of the Colorado Court of Appeals in *Tyler II*.

On remand, the trial court determined that the Rule 35(c) motion attached as "Exhibit A" had been before it as a practical matter and, on September 29, 2005, the trial court denied the Rule 35(c) motion. The Colorado Court of Appeals affirmed the September 29 order. **See People v. Tyler**, No. 05CA2260 (Colo. Ct. App. Nov. 15, 2007) (unpublished) ("*Tyler III*"). On May 19, 2008, the Colorado Supreme Court denied Mr. Tyler's petition for writ of certiorari from the order of the Colorado Court of Appeals in *Tyler III*. The Court received the instant action for filing on June 19, 2008.

Mr. Tyler asserts thirty-three claims for relief in his second amended habeas corpus application alleging that his constitutional rights were violated. Those claims are the following:

(1) Mr. Tyler was subjected to an illegal warrantless arrest.

(2) Mr. Tyler's right to a speedy trial was violated because: (a) he was not brought to trial within six months of entering a plea of not guilty; (b) the prosecutor filed amended charges over defense objection on the day of trial; (c) the late filing of amended charges further delayed the trial because Mr. Tyler was entitled to a preliminary hearing on the amended charges; (d) the trial court granted a continuance from April 21, 1997, to September 15, 1997; (e) trial was delayed after the filing of a psychiatric report in connection with Mr. Tyler's competency evaluation; and (f) the

3

trial court refused to set a trial date at the time Mr. Tyler's competency evaluation was ordered.

(3) Counsel on direct appeal was ineffective because counsel: (a) failed to challenge Mr. Tyler's aggravated-range sentence for attempted second degree murder; (b) failed to raise a claim of instructional error; (c) failed to obtain a complete transcript of the trial; and (d) failed to challenge the prosecutor's suppression of a police report and a ballistics report.

(4) The trial court improperly communicated with an alternate juror and substituted the alternate juror for a juror who became ill without Mr. Tyler being present.

(5) The trial court improperly responded to a jury question without Mr. Tyler being present.

(6) The trial court erred in refusing to instruct the jury on the definition of "possession" in the context of possession of a firearm.

(7) The trial court erred in refusing to instruct the jury on the evaluation of eyewitness testimony.

(8) The trial court erred by not instructing the jury on the use of evidence of another criminal act.

(9) The trial court denied Mr. Tyler his right to counsel at his preliminary hearing on the amended charges.

(10) The trial court erred in admitting evidence of a projectile because the prosecution could not show an unbroken chain of custody.

(11) The trial court erred in admitting hearsay testimony.

(12) The trial court erred in failing to issue a writ to secure the testimony of two inmate witnesses.

(13) The trial court erred in refusing to allow Mr. Tyler to present surrebuttal testimony.

(14) The trial court erred in not allowing Mr. Tyler to present evidence of an incident of prosecutorial misconduct in the hallway during trial to support his theory of a governmental conspiracy.

(15) The trial court denied Mr. Tyler his right to counsel when it refused to replace attorney Dennis Sladek.

4

(16) The prosecution committed misconduct during closing arguments by giving the impression that a witness had changed his statement because he was afraid of Mr. Tyler.

(17) The trial court erred in failing to grant a directed verdict of acquittal on the charge of attempted first degree murder.

(18) The jury instructions omitted elements of the crime of attempted first degree murder.

(19) The jury verdicts of not guilty for attempted first degree murder and guilty for attempted second degree murder are inconsistent.

(20) The jury verdicts of guilty for both attempted second degree murder and second degree assault with a deadly weapon are inconsistent.

(21) The trial court improperly instructed the jury on the burden of proof.

(22) The evidence was insufficient to support a conviction for attempted second degree murder.

(23) The trial court erred by failing to address all of the issues Mr. Tyler raised in his postconviction Rule 35(c) motion.

(24) The trial court erred in allowing the prosecution to call a witness the prosecution knew would invoke his Fifth Amendment rights.

(25) Attorneys Dennis Sladek and Torrence Base were ineffective during the time they represented Mr. Tyler by exhibiting racial bias and refusing to investigate the facts, interview witnesses, and file pretrial motions.

(26) A juror was falling asleep during the trial.

(27) The in-court identification of Mr. Tyler by several witnesses was tainted by an impermissibly suggestive photographic lineup.

(28) The filing of amended charges on the day of trial violated Mr. Tyler's rights.

(29) The trial court erred in denying Mr. Tyler's motion for a new trial.

(30) The prosecution tested various items of physical evidence more than once.

(31) The trial court erred in failing to make a final determination that Mr. Tyler was not competent on April 13, 1998, and in subjecting Mr. Tyler to trial when he was not competent.

(32) The trial court erred by finding Mr. Tyler competent to stand trial on July 27, 1998.

(33) Cumulative error denied Mr. Tyler a fair trial.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that some of Mr. Tyler's claims are not exhausted and are procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See **Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents primarily argue that a number of Mr. Tyler's claims are not exhausted because, although they were presented as federal constitutional claims in the Colorado Court of Appeals, they were not raised as federal constitutional claims in the Colorado Supreme Court. Mr. Tyler counters that he is not required to present his claims to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because, under Colorado Appellate Rule 51.1, there is no need to seek such review. The Court agrees with Mr. Tyler.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See **O'Sullivan***, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. ***See id.***

7

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state court remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See* **Lambert v. Blackwell**, 387 F.3d 210, 233 (3d Cir. 2004); **Adams v. Holland**, 330 F.3d 398, 401-03 (6th Cir. 2003); **Randolph v. Kemna**, 276 F.3d 401, 404-05 (8th Cir. 2002); **Swoopes v. Sublett**, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion. Therefore, the fact that Mr. Tyler did not raise all of his claims in the Colorado Supreme court in a petition for writ of certiorari does not demonstrate that those claims are unexhausted.

Respondents next argue that, assuming Colo. App. R. 51.1 eliminates the need to seek review in the Colorado Supreme Court in order to exhaust state remedies, the

rule does not apply to Mr. Tyler's direct appeal because his direct appeal ended prior to the enactment of Colo. App. R. 51.1. Respondents primarily rely on *Wenger v. Frank*, 266 F.3d 218 (3d Cir. 2001), to support their argument that Colo. App. R. 51.1 cannot be applied retroactively to Mr. Tyler's direct appeal. In *Wenger*, the United States Court of Appeals for the Third Circuit concluded that a Pennsylvania Supreme Court rule eliminating the need to seek discretionary review in that court in order to exhaust state remedies was not retroactive. *See id.* at 226. The Third Circuit based its conclusion on the prospective language of the Pennsylvania Supreme Court rule, a finding that the primary purpose of the Pennsylvania Supreme Court rule would not be served by retroactive application, and the Third Circuit's view that whether a particular remedy was or was not available is a question of objective historical fact that cannot be retroactively altered. *See id.* at 225-26.

In contrast to *Wenger*, two other circuit courts have held that rules in Tennessee and Missouri, which are similar to both the Pennsylvania Supreme Court Rule at issue in *Wenger* and Colo. App. R. 51.1, do apply retroactively. *See Adams*, 330 F.3d at 405; *Randolph*, 276 F.3d at 404. In *Randolph*, the Eighth Circuit reasoned that the Missouri rule was retroactive because the rule purported to clarify existing law and not change the law. *See Randolph*, 276 F.3d at 404. In *Adams*, the Sixth Circuit similarly concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. *See Adams*, 330 F.3d at 405. Significantly in *Adams*, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." *See id.* at 401.

9

The Court finds that Colo. App. R. 51.1 is most like the Tennessee rule at issue in *Adams*. Like the Tennessee rule, the plain language of Colo. App. R. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo. App. R. 51.1 is merely a clarification of the existing law in Colorado and, as a result, the Court finds that Colo. App. R. 51.1 is retroactive to Mr. Tyler's direct appeal.

Respondents concede that, if Colo. App. R. 51.1 eliminates the need to seek certiorari review in the Colorado Supreme Court in order to exhaust state remedies, and if Colo. App. R. 51.1 also applies retroactively to Mr. Tyler's direct appeal, the only claims that are not exhausted in this action are claims 17, 23, 28, and 33 because those claims were not raised as federal constitutional claims in the Colorado Court of Appeals either on direct appeal or in a postconviction proceeding.[1] The Court need only consider whether claims 17, 28, and 33 were raised by Mr. Tyler as federal constitutional claims in the state courts because the Court finds that claim 23 does not raise a federal constitutional issue and may not be raised in this action.

Mr. Tyler contends in claim 23 that the trial court erred by failing to address all of the issues Mr. Tyler raised in his postconviction Rule 35(c) motion. However, there is no federal constitutional right to postconviction review in the state courts. *See*

---

[1] On page 18 of the Pre-Answer Response, in the "Summary" section, Respondents state that claims 22, 23, 28, and 33 were not presented adequately as federal constitutional claims to accomplish exhaustion. However, Respondents state in footnote 2 on page 13 of the Pre-Answer Response that claim 22 was raised as a federal constitutional claim on direct appeal to the Colorado Court of Appeals. On page 15 of the Pre-Answer Response, Respondents include claim 17 among the claims that allegedly were not presented as federal constitutional claims in the Colorado Court of Appeals. Therefore, it appears that Respondents meant to list claim 17, rather than claim 22, in the summary list of unexhausted claims on page 18 of the Pre-Answer Response.

***Pennsylvania v. Finley***, 481 U.S. 551, 557 (1987). As a result, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." ***Sellers v. Ward***, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also **Steele v. Young***, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, claim 23 will be dismissed.

The Court next will consider whether claims 17, 28, and 33 were raised as federal constitutional claims in the state courts. Mr. Tyler raised claims 17, 28, and 33 in his postconviction Rule 35(c) motion and in his second postconviction appeal that resulted in the decision of the Colorado Court of Appeals in ***Tyler III***. The Court has reviewed Mr. Tyler's opening brief on appeal to the Colorado Court of Appeals and agrees with Respondents that claims 17, 28, and 33 were not raised as federal constitutional claims in that opening brief.

Mr. Tyler argues that claims 17, 28, and 33 are exhausted because those claims were raised as federal constitutional claims in the trial court in his Rule 35(c) motion. However, a claim is not exhausted unless it is fairly presented as a federal constitutional claim to either the Colorado Court of Appeals or the Colorado Supreme Court. The fact that Mr. Tyler may have raised claims 17, 28, and 33 in the trial court as federal constitutional claims does not demonstrate that those claims were raised on appeal as federal constitutional claims.

Mr. Tyler also argues that claims 17 and 28 are exhausted because they were raised as federal constitutional claims in the Colorado Court of Appeals in a reply brief. Mr. Tyler has attached a copy of the reply brief in question to Applicant's Reply to Pre-Answer Response and the Court has reviewed the reply brief. Based on that review, the Court cannot agree that claims 17 and 28 were fairly presented to the Colorado Court of Appeals as federal constitutional claims.

First, although not addressed by Respondents, it is not clear that Mr. Tyler can satisfy the fair presentation requirement by raising claims 17 and 28 as federal constitutional claims on appeal only in a reply brief. In any event, though, the Court does not find that Mr. Tyler actually raised claim 17 as a federal constitutional claim in the reply brief. The one federal case Mr. Tyler cited in support of claim 17 in the reply brief, *United States v. Yazzie*, 188 F.3d 1178 (10th Cir. 1999), by itself did not transform claim 17 into a federal constitutional claim.

Regarding claim 28, Mr. Tyler raised that claim as a violation of his rights to a fair and speedy trial under the Sixth and Fourteenth Amendments to the federal Constitution in his reply brief. However, if claim 28 is simply a claim that Mr. Tyler was denied a fair and speedy trial based on the filing of amended charges on the day of his trial, claim 28 must be dismissed as repetitive of claim 2(b), which also asserts a speedy trial violation based on the filing of amended charges on the day of Mr. Tyler's trial. If Mr. Tyler's claim 28 somehow is different from claim 2(b), the Court agrees with Respondents that the claim is not exhausted.

Therefore, the Court finds that claims 17, 28, and 33 are not exhausted. Although Mr. Tyler failed to exhaust state remedies for these three claims, the Court

may not dismiss claims 17, 28, and 33 for failure to exhaust state remedies if Mr. Tyler no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Mr. Tyler no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Tyler failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Furthermore, it appears that any further efforts by Mr. Tyler to raise claims 17, 28, and 33 in state court would be time-barred. *See* Colo. Rev. Stat. § 16-5-402. Therefore, the Court finds that claims 17, 28, and 33 are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Tyler's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Tyler fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider claims 17, 28, and 33 will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims 17, 28, and 33 are procedurally barred and must be dismissed.

In summary, the Court will dismiss claim 23 because it does not raise a federal constitutional issue. The Court will dismiss claims 17, 28, and 33 as procedurally barred. The Court finds that the remaining claims are not subject to dismissal as untimely or for failure to exhaust state remedies. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims 17, 23, 28, and 33 are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18 day of November, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01368-BNB

Cycle Lee Tyler
Prisoner No. 54286
Arkansas Valley Corr. Facility
PO Box 1000 - 4-A-3-4
Crowley, CO 81034

Laurie A. Booras
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/9/08 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk